**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| EJIMOFOR EMEJULU, *et al.* | : | |
| Plaintiffs, | : | |
|  | : | |
| v. | : | Case No. RDB-04-103 |
|  | : | |
| SANDS BROTHERS & CO., LTD. *et al* | : | |
| Defendants. | : | |

---

## MEMORANDUM OPINION

Plaintiffs Ejimofor and Chibogu Emejulu brought the instant action against Defendants Sands Brothers, David Ross, Joe Cook, Global Capital Securities Corporation ("Global Capital"), Citizens International Bank, Ltd. ("Citizens Bank"), Ekuase Egbe, Davidson Regha, and American Express Bank ("American Express"). The dispute arises from a series of financial transactions conducted by and on behalf of Plaintiffs. Plaintiffs are residents of Nigeria. The Defendants are financial institutions and individual employees located both in Nigeria and in the United States. Plaintiffs allege that these institutions and individuals wrongfully transferred and liquidated funds from an investment account that Plaintiffs maintained with Citizens Bank in Nigeria. Defendants Egbe and Regha are individual employees of Citizens Bank, and both are citizens of Nigeria.

This Court has dismissed Defendants American Express and Sands Brothers for want of personal jurisdiction over those entities. In addition, the Court dismissed Defendants Global Capital, David Ross and Joe Cook for Plaintiffs' failure to timely serve process upon those Defendants. Accordingly, the only Defendants remaining in this action include Citizens Bank, Ekuase Egbe, and Davidson Regha. A default judgment has been entered as to Defendant

Citizens International Bank, Ltd.

On April 30, 2004, the Clerk of this Court entered default against Egbe and Regha. On December 16, 2004, this Court received a facsimile from Defendant Davidson Regha indicating, *inter alia,* that he is a citizen of Nigeria who maintains no contact whatsoever with the State of Maryland. A copy of the facsimile is attached hereto. Based on this communication, the Court set aside the entry of default, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, and treated Defendant Regha's communication as a Motion to Dismiss for lack of personal jurisdiction (entered on docket as Paper No. 48.) Plaintiffs were directed to respond to Defendant Regha's Motion within 17 days of the December 20, 2004 Order. To date, Plaintiffs have filed no response in opposition to Defendant Regha's Motion. For the reasons that follow, this Court will grant Defendant Regha's Motion to Dismiss.

## STANDARD OF REVIEW

The Fourth Circuit has held that the plaintiff need only make a *prima facie* showing of personal jurisdiction where, as here, the district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). This Court is also bound to "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.*; *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 4(k)(1)(A), a federal court's jurisdiction extends as far as the jurisdiction of a court in the state in which the district court is located. *See*

*ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). Thus, this Court may assert personal jurisdiction over a non-resident defendant only if (1) Maryland's long-arm statute confers jurisdiction and (2) the assertion of such jurisdiction is consistent with constitutional due process. *Carefirst of Maryland*, 334 F.3d at 396 (4th Cir. 2003).

In interpreting Maryland's long-arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103 (2002)[1], this Court is guided by the Maryland Court of Appeals. That court has interpreted the statute to extend personal jurisdiction to the fullest extent permitted by the due process clause of the Fourteenth Amendment. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 61 (4th Cir. 1993) (citing *Curtis v. State*, 284 Md. 132, 150, 395 A.2d 464, 474 n.7 (1978); *Mohammed v. Michael*, 279 Md. 653, 658-59, 370 A.2d 551, 553 (1977). The statutory analysis therefore merges into the constitutional analysis, and the only question is whether the exercise of jurisdiction would violate due process. *Stover v. O'Connell Assocs.*, 84 F.3d 132, 135 (4th Cir. 1996); *Choice Hotels Int'l, Inc. v. Madison Three, Inc.*, 23 F. Supp. 2d 617, 619 (D. Md. 1998).

Due process is satisfied if the defendant has such "minimum contacts" with Maryland that

---

[1] Section 6-103(b) provides that "[a] court may exercise personal jurisdiction over a person, who directly or by an agent:"

    (1)    Transacts any business or performs any character of work or service in the State;

    (2)    Contracts to supply goods, food, services, or manufactured products in the State;

    (3)    Causes tortious injury in the State by an act or omission in the State;

    (4)    Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;

    (5)    Has an interest in, uses, or possesses real property in the State; or

    (6)    Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

3

"the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  In assessing whether a defendant has such minimum contacts, courts have recognized two categories of personal jurisdiction--general jurisdiction and specific jurisdiction.  General jurisdiction arises where the defendant's contacts with the forum are "continuous, systematic, and fairly extensive." *See id*. at 318.  Plaintiffs do not contend that this Court has general jurisdiction over Defendant Regha because they have not asserted that Defendant Regha had such regular contact with the State of Maryland.

A court may assert specific jurisdiction over a defendant only if all three of the following factors are met: (1) the defendant availed itself of the privilege of conducting activities in the state; (2) the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the forum's exercise of personal jurisdiction in the case is reasonable, that is, consistent with "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985).  Specific jurisdiction is based on the rationale that a defendant who deliberately engages in significant activities within a State or creates continuing obligations between himself and the citizens of a state has "availed himself of the privilege of doing business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Id.* at 476 (quoting *Travelers Health Assn. V. Virginia,* 339 U.S. 643, 648 (1950)).

In the instant case, Plaintiffs cannot satisfy the *Burger King* standard because they have failed to allege that Defendant Davidson Regha did anything to purposefully avail himself of the

4

benefits of doing business in the State of Maryland. *See Burger King Corp.*, 471 U.S. at 475. The purposeful availment requirement is designed to ensure that defendants are not haled into a jurisdiction as a result of "random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* at 475 (internal citations omitted). Yet, Plaintiffs seek to bring Defendant Regha before this Court based on precisely this type of random, fortuitous contact. In their Complaint, Plaintiffs allege that Defendant Regha, as an employee of the Private Banking Division of Defendant Citizens Bank in Nigeria, Defendant Egbe was responsible for overseeing the account which Plaintiffs maintained with that institution. Plaintiffs also make general allegations with respect to Regha's involvement in the alleged transfer of their funds to the brokerage firm of Global Capital in Baltimore, Maryland. However, Plaintiffs fail to cite a single specific instance in which Defendant Regha had any direct contact with any person or entity within the State of Maryland. Moreover, Regha has averred, and Plaintiffs have failed to rebut, that he is a citizen of Nigeria with absolutely no ties to the State of Maryland. Further, Regha denies having had any contact with the State of Maryland in relation to Plaintiffs' funds. Even assuming the truth of Plaintiffs' allegations, however, the alleged contacts with Maryland are simply too attenuated to give rise to personal jurisdiction. *See Burger King Corp.*, 471 U.S. at 475.

There is no dispute as to the fact that Defendant Regha did nothing to avail himself of the benefits of Maryland's laws or to create "continuing obligations" with its citizens. *See Burger King Corp.*, 471 U.S. at 475. There is therefore no reasonable basis for subjecting him to specific jurisdiction in Maryland. *See Burger King Corp.*, 471 U.S. at 475.

## CONCLUSION

For all of the foregoing reasons, Defendant Davidson Regha's Motion to Dismiss (Paper No. 48) is GRANTED, and Plaintiffs' claims against Defendant Regha will be dismissed without prejudice.  A separate Order follows.

/s/ *Richard D. Bennett*

Richard D. Bennett
United States District Judge